UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DELORES O'BRIEN HEFFERNAN )
and GEORGE EDWARD )
McDERMOTT, )
)
Plaintiffs, )
)
v. ) Civil Action No. 13-1369 (UNA)
)
SUZANNE EISNER, et al., )
)
Defendants. )

# MEMORANDUM OPINION

This matter is before the Court on consideration of the Plaintiffs' applications to proceed *in forma pauperis*, Plaintiffs' *pro se* complaint, and Plaintiffs' motion for a temporary restraining order. The applications to proceed *in forma pauperis* will be **GRANTED**; the complaint will be **DISMISSED** without prejudice; and the motion for a temporary restraining order will be **DENIED**.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition to identifying the basis for its claim for relief, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it also must allege that the plaintiff "was deprived of a right secured by the Constitution or laws of the United States," *Hamilton v. Rhee*, 770 F. Supp. 2d 241, 245 (D.D.C. 2011) (quoting *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991)).

As drafted, the complaint in this case fails to meet these standards. First, the complaint does not identify what rights, if any, the Defendants have violated. (*See generally* Compl.) Indeed, the Court has taken great pains to understand the complaint and exhibits, yet is left with no clear understanding of the nature of the claim. Plaintiffs purport to bring this action under 42 U.S.C. § 1983 against two employees of the Arlington County Department of Human Services (*see* Compl. ¶¶ 1, 7) who allegedly are responsible for the kidnapping and detention of a minor, A.M.O (*see id.*, Ex. --, Petition for Removal of State Criminal Case To This Court, at 1). The Court is unable to determine what constitutional right plaintiffs seek to protect or what actions the named Defendants allegedly have taken to violate that right.

Moreover, to the extent that Plaintiffs demand an "order for the FBI to take custody of . . . [A.M.O.] in 'witness protection,'" (Compl. ¶ 7), and the removal of a criminal case pending in the Circuit Court for Montgomery County, Maryland, (*id.* ¶ 1; *id.* Ex. --, Petition for Removal of State Criminal Case To This Court, at 1), such relief

is unavailable. This Court has no authority to review, overturn, or otherwise interfere with ongoing state court proceedings in the Maryland and Virginia courts. *See Younger v. Harris*, 401 U.S. 37, 41 (1971); *Dist. Props. Assocs. v. District of Columbia*, 743 F.2d 21, 28 (D.C. Cir. 1984); *Whitehead v. District of Columbia Child Support Servs. Div.*, 892 F. Supp. 2d 315, 318 (D.D.C. 2012). Additionally, it does not appear that this Court can exercise personal jurisdiction over the Defendants. *See Frost v. Catholic Univ. of Am.*, No. 12-1460, 2013 WL 4129129, at *3 (D.D.C. Aug. 15, 2013) ("[A] plaintiff must allege specific facts on which personal jurisdiction can be based.").

For these reasons, the Court will dismiss the complaint *sua sponte* for failure to state a cognizable claim upon which relief can be granted. *See Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 44 (D.D.C. 2013) ("Complaints may . . . be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" (quoting *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994))); *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.D.C. 1990) (dismissing *sua sponte* a *pro se* plaintiff's complaint alleging constitutional violations). Plaintiffs' motions to proceed *in forma pauperis* will be **GRANTED**; their complaint will be **DISMISSED** without prejudice; and their motion for a temporary restraining order will be **DENIED** as moot. An Order consistent with this Memorandum Opinion is issued separately.

Date: September 9, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge